IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAYWINE HUNTER, | : | |
| Movant/Defendant, | : | |
| v. | : | Crim. Act. No. 15-18-RGA |
| | : | Civ. Act. No. 17-680-RGA |
| UNITED STATES OF AMERICA, | : | |
| Respondent/Plaintiff. | : | |

## MEMORANDUM OPINION

Daywine Hunter. *Pro se* Movant.

Jennifer Welsh, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

May 7, 2019
Wilmington, Delaware


ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Movant Daywine Hunter's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 162) The Government filed an Answer in opposition. (D.I. 178) For the reasons that follow, the Court will deny Movant's § 2255 Motion.

## I. BACKGROUND

On November 18, 2015, Movant pled guilty to conspiracy to distribute one hundred grams or more of heroin. (D.I. 70 at ¶ 1; D.I. 172) The Honorable Sue L. Robinson sentenced him to a total of 82 months of incarceration and five years of supervised release. (D.I. 130) Movant did not appeal. (D.I. 70 at ¶ 11)

The § 2255 Motion is ready for review.

## II. DISCUSSION

Although the majority of Movant's timely filed § 2255 Motion is hard to understand and at times incomprehensible, the Court considers the following four grounds for relief: (1) defense counsel provided ineffective assistance by not filing any defense motions, and by failing to mount any defense; (2) defense counsel provided ineffective assistance by failing to provide Movant with discovery; (3) defense counsel provided ineffective assistance by telling Movant he would be sentenced to 17 years in prison if he proceeded to trial (D.I. 162 at 10 ¶ 15(c)); and (4) Movant was improperly convicted of distributing more than 100 grams of heroin and improperly sentenced to 82 months of incarceration, because the drug weight attributable to the conspiracy should have been divided among the six co-defendants in the case, which would have resulted in Movant being sentenced to 2 years of incarceration (D.I. 162 at 2-3, 5).

### A. Claim Four: Barred by Collateral Attack Waiver

Movant's Plea Agreement contains the following appellate/collateral attack waiver provision:

> The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing -- including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

(D.I. 70 at ¶ 11) In its Answer, the Government acknowledges that the collateral attack waiver provision does not bar the Court from reviewing Claims One, Two, and Three. However, the Government does not address whether the collateral attack waiver affects the Court's review of Claim Four.

As a general rule, a court will enforce a defendant's waiver of his appellate and collateral rights if it is "entered knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 236-37 (3d Cir. 2008). A court has an affirmative and "independent obligation to conduct an evaluation of the validity of a collateral waiver." *Id.* at 238. Specifically, a court must consider: (1) whether the waiver was knowing and voluntary; (2) whether there is an exception to the waiver which prevents its enforcement; and (3) whether enforcement of the waiver would cause a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).

2

When determining if a waiver of the right to collateral review was knowing and voluntary, the reviewing court must determine if "the district court informed the defendant of, and determined that the defendant understood the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." *Mabry,* 536 F.3d at 239 (cleaned up). When determining whether enforcing the waiver would result in a miscarriage of justice, the reviewing court must apply a common sense approach and evaluate "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which the defendant acquiesced in the result." *Id.* at 242-43. There is no specific list of circumstances constituting a miscarriage of justice. *Id.* at 243. To that end, granting an exception to a waiver based on a miscarriage of justice must be done "sparingly and without undue generosity." *United States v. Wilson,* 429 F.3d 455, 458 (3d Cir. 2005). For the following reasons, the Court concludes that the argument in Claim Four is barred by the collateral attack waiver in the Plea Agreement. (*See* D.I. 70 at ¶ 11)

1. **Voluntary and knowing nature of waiver**

Having reviewed the transcript of the guilty plea hearing, as well as the parties' submissions, the Court concludes that Movant's waiver of his appellate and collateral review rights in exchange for certain promises from the Government was knowing and voluntary. The transcript of the plea hearing reflects that Judge Robinson explained the specific terms of the Plea Agreement and questioned Movant to confirm that he understood the meaning of the provisions. Judge Robinson determined that Movant was competent, and that he had a full opportunity to discuss the agreement with counsel and make an informed decision. Notably,

Judge Robinson reviewed the waiver paragraph with Movant in detail, and explained the rights Movant was relinquishing in exchange for the deal with the government. This exchange clearly demonstrates that Movant's waiver was knowing and voluntary.

### 2. Scope of the waiver

The next question is whether Claim Four falls into any of the exceptions to the waiver. It does not. The Government did not appeal the sentence, and Movant does not challenge his sentence on the ground that the sentence exceeds the statutory limits or unreasonably exceeds the sentencing guideline range determined by the Court in applying the sentencing guidelines. Thus, Movant's instant argument about the drug weight cannot prevent the enforcement of the waiver.

### 3. Miscarriage of justice

Finally, the Court must determine if enforcing the waiver will result in a miscarriage of justice. Although the Third Circuit has refrained from identifying a specific list of circumstances to consider before invalidating a waiver for creating a miscarriage of justice, the Third Circuit has recognized that a miscarriage of justice may result by enforcing an appellate/collateral waiver where there has been ineffective assistance of counsel in connection with the negotiation of the waiver. *See United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007). Here, however, Movant does not allege any deficient conduct by his attorney in relation to the waiver. Movant's § 2255 Motion also does not contend that there were any defects in the waiver agreement or that he did not understand, or involuntarily entered into, the waiver agreement. As previously noted, the record clearly reflects that Movant entered into the plea agreement knowingly and voluntarily. Based on this record, the Court concludes that enforcing the waiver will not result in a miscarriage of justice. Accordingly, the Court will deny Claim Four as barred by the collateral attack waiver provision in Movant's Plea Agreement.

## B. Claims One, Two, and Three: Ineffective Assistance

Movant has properly raised his three ineffective assistance of counsel allegations in the instant § 2255 motion. *See Massaro v. United States,* 538 U.S. 500 (2003); *see also* D.I. 70 at ¶ 11. As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland,* 466 U.S. at 688. Under the second ("prejudice") prong of the *Strickland* standard, Movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694. In the context of a guilty plea, a movant satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994). A court can choose to address the prejudice prong before the performance prong, and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced. *See Strickland,* 466 U.S. at 696. Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Id.* at 689.

After reviewing Claims One, Two, and Three within the aforementioned legal framework, the Court concludes that Movant is not entitled to relief. To begin, Movant does not

identify any potentially meritorious motions defense counsel could have filed in his case.[1] In addition, the correspondence between defense counsel and Movant shows that defense counsel explicitly notified Movant that he would file motions for an additional fee if the case got to that point. (D.I. 178-2 at 1) As for Movant's contention that defense counsel provided "no defense," defense counsel's responsive affidavit explains that Movant retained him for the "sole purpose of obtaining the best possible plea arrangement for him." (D.I. 178-1 at 1; *see also* D.I. 178-2 at 1) Defense counsel negotiated with the Government over a period of months to achieve a mutually satisfactory Plea Agreement, spending more than 100 hours to achieve this goal during his representation of Movant. (D.I. 178-1 at 1-2) Finally, to the extent Movant complains about defense counsel's failure to provide him with "all" Rule 16 discovery, (D.I. 162 at 2, 14-18), the record reveals that there was a protective order in this case which limited the discovery items defense counsel could provide Movant and only permitted defense counsel to show Movant the other discovery items. (D.I. 178-2 at 3-4) In his responsive affidavit, defense counsel explains that he showed Movant all discovery materials during his active representation of Movant as permitted under the protective order. (D.I. 178-1 at 2 ¶ 14) The affidavit also explains that when Movant contacted defense counsel after sentencing asking for discovery, counsel told Movant that the protective order limited the discovery items he could provide to Movant's "criminal history and public documents," but that other items still could not be produced due to the protective order. (D.I. 178-1 at 2 ¶ 15) Given these facts of record, Movant cannot satisfy either *Strickland* prong for Claims One and Two.

---

[1] Movant appears to argue that defense counsel should have filed motions contending that the Government "did not prove a § 12 Internal revenue violation [n]arcotic drugs crime [because Movant] was not a register[ed] person under Title 21 USCS [and the Government did not prove that Movant] had violated 16 USCS § 4704(a)." (D.I. 162 at 9)

As for Claim Three's assertion that defense counsel informed Movant that he would be sentenced to 17 years in prison if he proceeded to trial, defense counsel states in his responsive affidavit that he does not "believe that [he] ever told [Movant] that he was facing [17] years in prison." (D.I. 178-1 at 3) In fact, the written correspondence between counsel and Movant (*see* D.I. 178-2) shows an on-going conversation about the applicable sentencing guidelines, and there is no statement from defense counsel asserting that Movant could face 17 years of incarceration if he proceeded to trial. Movant offers no evidence to rebut defense counsel's statement. Consequently, the Court again concludes that Movant is not entitled to relief for Claim Three because he cannot satisfy either *Strickland* prong.

The ineffective assistance allegations in Claims One, Two, and Three are contradicted by the statements Movant made during the plea colloquy. The transcript of the plea colloquy contains Movant's clear and explicit statements that he had discussed his case with defense counsel, he was fully satisfied with counsel's advice, he had a full opportunity to review the Plea Agreement with counsel, there were no promises other than those contained in the Plea Agreement, and he was not forced to enter the Plea Agreement. (D.I. 172 at 5, 9) Judge Robinson also summarized the Plea Agreement for Movant to ensure that he understood its terms and its effect on the balance of the criminal proceedings. (D.I. 172 at 5-9) Movant indicated that he understood the factual basis for his guilty plea, that he understood he had a right to proceed to trial, that he was pleading guilty of his own free will because he was guilty, and that he understood the sentencing process and the applicability of the sentencing guidelines. (D.I. 172 at 9-18)

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge*

7

*v. Allison*, 431 U.S. 63, 74 (1977). In this proceeding, Movant does not provide any reason to believe that the statements he made during the plea colloquy should not be presumptively accepted as true. Thus, the Court further concludes that Claims One, Two, and Three are meritless because any alleged pre-plea deficiencies in defense counsel's performance were cured by the Plea Agreement and plea colloquy.

### III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes an evidentiary hearing is not warranted.

### IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is denying Movant's § 2255 Motion after determining that Claims One, Two, Three are meritless, and Claim Four is barred by the collateral attack waiver in Movant's Plea

Agreement. The Court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## V.	CONCLUSION

The Court concludes that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate Order will issue.